# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. C. CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P. HUMPHEY, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00564-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S SECOND REQUEST FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 14) |

Plaintiff L.C. Cunningham is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 22, 2023, Plaintiff filed an "affidavit" in which he claims that staff and inmates have been "taunting" him. (ECF No. 14.) Plaintiff also contends that he is constantly being retaliated against because of his civil rights complaint filings. The Court construes Plaintiff's "affidavit" as a request for injunctive relief.

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written

certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); see also Fed. R. Civ. P. 65(a). Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order, is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id. at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases,

"[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., No. 1:150CV-00987-DAD-BAM, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." Beaton v. Miller, No. 1:20-cv-0005 NONE JLT (PC), 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). If a prisoner has been transferred, any sought injunctive relief against the previous facility becomes moot if the prisoner "has demonstrated no reasonable expectation of returning to [the prison]." Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Florence v. Kernan, 813 F. App'x 325, 326 (9th Cir. 2020). Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." Rizzo v. Goode, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. See Turner v. Safely, 482 U.S. 78, 85 (1987); Sandin v. Conner, 515 U.S. 472, 482-83 (1995).

## II.

### DISCUSSION

Plaintiff seeks a temporary restraining order and/or preliminary injunction because he is being "taunted" by prison staff and other inmates.

After reviewing Plaintiff's motion, the Court does not find that plaintiff has satisfied his burden to show that immediate and irreparable injury, loss, or damage will result to him before

any Defendant can be heard, thus precluding a temporary restraining order under Fed. R. Civ. P. 65 and Local Rule 231(a). Plaintiff also has not met his burden to justify issuing a preliminary injunction.

At this juncture of the case, the Court cannot determine that Plaintiff is likely to succeed on the merits of the Case. Second, the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983). Further, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." Claiborne v. Blauser, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommended adopted, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75. Accordingly, Plaintiff's second motion for a temporary restraining order and/or preliminary injunction should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's second motion for a temporary restraining order and/or preliminary injunction (ECF No. 14) be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 23, 2023**

UNITED STATES MAGISTRATE JUDGE