|  |  |
|---|---|
| L. C. CUNNINGHAM,<br><br>            Plaintiff,<br><br>    v.<br><br>P. HUMPHEY, et al.,<br><br>            Defendants. | No.  1:23-cv-00564-ADA-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT P. MURPHY SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF No. 24) |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff L.C. Cunningham is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is proceeding on Plaintiff's failure to protect claim against Defendants Lacsina and Murphy.  (ECF No. 118.)

On July 19, 2023, the Court ordered that the complaint be electronically served on Defendants.  (ECF No. 19.)

On August 25, 2023, the California Department of Corrections and Rehabilitation (CDCR) returned a notice of intent to waive service of process as to Defendant Lacsina.  (ECF No. 22.)  On this same date, CDCR issued a notice of intent not to waive service as to Defendant Murphy with a notation "unable to identify."  (ECF No. 23.)

Service of process for Defendant Murphy was therefore forwarded to the United States Marshal.  On August 30, 2023, the United States Marshal returned the summons unexecuted with

a notation that "Per KVSP [litigation coordinator] they have nobody by that name has [sic] worked there and nothing even close to that name. More information needed." (ECF No. 24.)

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because the USM has not been successful in locating Defendant Murphy,  pursuant to Rule 4(m), the court will provide Plaintiff with an opportunity to show cause why Defendant Murphy, should not be dismissed from this action for failure to serve process.  If Plaintiff is unable to provide the USM with additional information, Defendant Murphy shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Murphy should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order will result in a recommendation that Defendant Murphy be dismissed from the action, without prejudice.

IT IS SO ORDERED.

Dated: **September 5, 2023**

UNITED STATES MAGISTRATE JUDGE