UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. C. CUNNINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. HUMPHEY, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00564-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT P. MURPHY<br><br>(ECF Nos. 25, 27) |

　　　　Plaintiff L.C. Cunningham is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendants Lascina and Murphy for failure to protect in violation of the Eighth Amendment. (ECF No. 12.)

**I.**

**DISCUSSION**

　　　　On July 19, 2023, the Court ordered that the complaint be electronically served on Defendants. (ECF No. 19.)

　　　　On August 25, 2023, the California Department of Corrections and Rehabilitation (CDCR) returned a notice of intent to waive service of process as to Defendant Lacsina. (ECF No. 22.) On this same date, CDCR issued a notice of intent not to waive service as to Defendant Murphy with a notation "unable to identify." (ECF No. 23.)

1

Service of process for Defendant Murphy was therefore forwarded to the United States Marshal. On August 30, 2023, the United States Marshal returned the summons unexecuted with a notation that "Per KVSP [litigation coordinator] they have nobody by that name has [sic] worked there and nothing even close to that name. More information needed." (ECF No. 24.) Therefore, on October 5, 2023, the Court ordered Plaintiff to show cause why Defendant P. Murphy should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 25.) Plaintiff filed a response on October 5, 2023. (ECF No. 27.) In his response, Plaintiff requests that the Court dismiss Defendant P. Murphy. (Id.)

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

///

In this instance, the USM has not been successful in locating Defendant P. Murphy, and Plaintiff concedes to dismissal of this Defendant. Accordingly, dismissal of Defendant Murphy for failure to serve is warranted.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Murphy be dismissed from the action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 6, 2023**

UNITED STATES MAGISTRATE JUDGE